**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**RICHARD HAMLIN,**

    **Plaintiff,**

**vs.**　　　　　　　　　　　　　　　　　　**Case No. 4:12cv442-RH/CAS**

**KENNETH HAGAN, et al.,**

    **Defendants.**

    _____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se, initiated this case on August 28, 2012, by submitting a civil rights complaint under 42 U.S.C. § 1983, doc. 1.  Plaintiff did not file an in forma pauperis motion, nor did Plaintiff pay the filing fee.  Those deficiencies may be addressed and corrected in due course.

Because Plaintiff submitted the complaint on a complaint form styled for the Southern District of Florida, it has been reviewed to determine if jurisdiction is appropriate here.  It is not.  Plaintiff indicates he is currently confined at Columbia Correctional Institution in Lake City, Florida.  All named Defendants are located at the R.M.C. Medical Center at Lake Butler Correctional Institution which is in Lake Butler, Florida.  Both institutions are within the territorial jurisdiction of the United States District

Court for the Middle District of Florida.  Therefore, because the events at issue in this case and all Defendants are located in the Middle District of Florida, the proper forum for this action pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 89(b) is in the United States District Court for the Middle District of Florida, Jacksonville Division.  After transfer, that Court should more appropriately address the issue of the filing fee or Plaintiff's entitlement to in forma pauperis status.

A federal district court has the authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division "in which it could have been brought."  The Court may also raise the issue of defective venue *sua sponte*.  Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988) (stating "a district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court may not dismiss without first giving the parties an opportunity to present their views on the issue.")

In light of the foregoing, and pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), the undersigned respectfully **RECOMMENDS** transfer of this action to the United States District Court for the Middle District of Florida, Jacksonville Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on September 6, 2012.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.